## Dunham et al. v. General World Sales & Service, Inc., et al.

*S. L. Sagendorph,* for plaintiffs.

*M. Jacobson,* for defendants.

KNIGHT, P. J., November 10, 1953.—Plaintiffs have brought this action in assumpsit against General World Sales and Service, Inc., a contracting firm, and Fidelity Bond and Mortgage Company, a financing institution. The action is based upon the alleged breach of a guarantee or warranty contained in a contract between plaintiffs and the contracting firm for painting the house of plaintiffs.

The preliminary objections have been filed by the Fidelity Bond and Mortgage Company, hereinafter referred to as the financing company.

Service was alleged to have been made on the finance company by the Sheriff of Montgomery County, handing a copy of the complaint to the wife of Cyrus Gorson, secretary and treasurer of the company, at his residence in Montgomery County.

The preliminary objections assert that this service is invalid, first, because substituted service of an officer of a corporation is not permitted under the Rules of Civil Procedure and second, because the finance company has no office and is not doing business in Montgomery County.

The preliminary objections must be sustained on both grounds.

Rule 2180 of the Rules of Civil Procedure, dealing with service of process on a corporation, provides that service may be made by handing a copy of the complaint:

"(1) to an executive officer, partner or trustee of the corporation . . .

"(2) to an agent . . . in charge of, and only at, any office or usual place of business of the corporation. . . ."

It is obvious that the alleged service here was not

made under (2) supra, and therefore if service was made at all it must have been under (1).

It is also clear that (1) contemplates personal service and not substituted service. In cases where substituted service is permitted the rule or act specifically declares that service may be made on a defendant at his residence upon an adult member of his family.

That personal service is implied in (1), supra, is further shown by the fact that substituted service is valid under (2) but only at the place of business of the corporation.

Depositions were taken by the finance company from which it appears that Cyrus Gorson was not secretary nor was he employed in any capacity by the finance company when the complaint was alleged to have been served in June 1953.

Counsel contends that defendant finance company is estopped from denying that Cyrus Gorson was secretary because the registration of the company with the Department of Revenue of the Commonwealth states that Cyrus Gorson is the secretary and treasurer of the finance company. The letter from the Department of Revenue, offered in evidence, does not state when the registration of the finance company was filed with the Department of Revenue, but it was filed for tax purposes and we do not think for the general information of the public and that it does not estop the finance company from showing that Cyrus Gorson was not in fact the secretary of the company or employed by the company in any capacity in June 1953.

Rule of Civil Procedure 2179(a)(1) provides that a personal action against a corporation may be brought in and only in:

"(1) the county where its registered office or principal place of business is located; or

"(2) a county where it regularly conducts business."

The deposition shows that the registered office and principal place of business of the finance company is in the County of Philadelphia.

The deposition also shows that the finance company discounts or buys obligations which various contractors accept from those for whom they have done work or furnished materials in Montgomery County, the company also takes mortgages on Montgomery County properties.

The finance company is not a party to the contract between plaintiffs and the General World Sales and Service, Inc., and if the part the finance company took in this transaction constitutes "regularly conducting business" in Montgomery County then many large Philadelphia financial institutions are subject to suits in this county.

There are many cases in which the courts have considered what activities constitute regularly conducting business in a county but no case has been called to our attention that supports plaintiffs' contention that this court has jurisdiction over the finance company in this action. Since we are holding that the service on the finance company is invalid that company is not before the court and it is unnecessary for us to consider the remaining preliminary objections which contend that the finance company is a good faith holder without notice of a negotiable instrument signed by plaintiffs, that plaintiffs cannot recover payments voluntarily made, and that the finance company not being a party to the contract between plaintiffs and the General World Sales and Service, Inc., is not bound by any alleged guarantee or warranty made by the sales company.

And now, November 10, 1953, the first, second and third preliminary objections are sustained and the alleged service upon the Fidelity Bond and Mortgage Company is stricken off.